# 99 DTA 137

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS, HUMACAO Y GUAYAMA**

EL PUEBLO DE PUERTO RICO
Apelada

v.

MARIA V. SANCHEZ CARABALLO
Apelante

Núm. KLAN-98-01064

San Juan, Puerto Rico, a 24 de marzo de 1999

Panel integrado por su Presidente, Juez Ortiz Carrión
y los Jueces González Rivera y Hernández Torres

Hernández Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece la apelante, María V. Sánchez Caraballo, y nos solicita que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala superior de Caguas, el 28 de julio 1998. En dicha sentencia el Tribunal de Primera Instancia impuso a la apelante una pena de tres (3) años bajo el régimen de sentencia suspendida por infringir el Artículo 95 del Código Penal de Puerto Rico.

Luego de analizar el expediente ante nuestra consideración, el cual incluye no sólo una exposición narrativa de la prueba estipulada si que también un escrito del Procurador General, nos vemos precisados a **REVOCAR** la sentencia apelada.

Los hechos de este caso son sumamente trágicos porque van a la fibra misma de nuestra sensibilidad humana. Es el tipo de acto que deseamos erradicar de nuestra sociedad porque atenta contra nuestra esencia. Es este caso uno de esos en que parecería que al impartir justicia nos contradecimos pues da la impresión de que condonamos y aceptamos el comportamiento inhumano y cruel de una hija que estando amparada junto a sus hijos por su propia madre, una anciana de 74 años de edad, la agrede verbalmente llegándose a la agresión física entre ambas.

No obstante, el propio Procurador General, quien representa al Pueblo, nos indica en su escrito que el Tribunal de Instancia erró en su sentencia porque a su juicio se dieron los elementos de una defensa propia.

Tenemos que dejar consignado el hecho de que para el Tribunal estos actos son detestables y repudiables. El que al aplicar el derecho a esta situación de hechos particular tengamos que revocar, no puede jamás interpretarse como que este Tribunal tolera o alienta esta conducta.

### I

Doña Esterbina Caraballo Torres *("Doña Esterbina")* de 74 años de edad residía junto a su hija María Sánchez Caraballo *("María")* y los tres hijos de la última. El 25 de marzo de 1998, María invitó a Elmer Plaza *("Plaza"),* dueño de la panadería donde trabajaba, a comer a su casa. Entre las 6:00 y 7:00 p.m., Doña Esterbina se estaba preparando para acudir a la iglesia cuando María llegó a la casa acompañada con Plaza. Ambos se encontraban en estado de embriaguez. Cuando María entró a la residencia vio a su hijo menor y le preguntó si había comido. Doña Esterbina, en tono de broma, le contestó que no porque ella no estaba para hacerle comida. María, encolerizada, respondió que no iba a comer nada, que le buscaran un plato para servirle comida a su hijo. Doña Esterbina le aclaró a María que se trataba de una broma, que ellos habían comido ya. Comenzó una discusión entre madre e hija. De pronto María tomó la comida y la tiró contra la pared y le gritó a Doña Esterbina que se la comiera. María se acercó a Doña Esterbina y la retó para que le pegara. Entonces Doña Esterbina le pegó en el rostro dos veces. Luego María la atacó tomándola por el cuello y la tiró hacia atrás causando que Doña Esterbina sufriera una herida en el brazo izquierdo. Doña Esterbina se dirigió a su cuarto, tomo un *"palo"* y golpeó varias veces a María.

El Tribunal de Primera Instancia encontró culpable a María por infringir el Artículo 95 del Código Penal de Puerto Rico, 33 L.P.R.A. Sec. 4032. Oportunamente la sentencia fue apelada ante nos. La Procuradoría General, en representación del Pueblo de Puerto Rico compareció mediante alegato. Estando perfeccionado el recurso, procedemos a resolver.

## II

Mediante el recurso que hoy consideramos se plantea que María actuó en defensa de su persona y, por lo tanto, el Tribunal de Primera Instancia no debió condenarla a tres años en sentencia suspendida por infringir el Artículo 95 del Código Penal de Puerto Rico.

En su alegato el Procurador General expresa que están presentes los requisitos para que se configure a legítima defensa, por lo que la situación ante nuestra consideración no debe ser penalizada.

## III

El Artículo 22 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3095, en lo concerniente al caso de autos, establece lo siguiente:

*"No incurre en responsabilidad el que defiende su persona, sus bienes o derechos, o su morada, o la persona, bienes o derechos, o morada de otros en circunstancias que hicieren creer razonablemente que se ha de sufrir un daño inminente, siempre que hubiere necesidad racional del medio empleado para impedir o repeler el daño, falta de provocación suficiente del que ejerce la defensa y no se inflija más daño que el necesario al objeto."*

En esencia *"las circunstancias que concurran para justificar la defensa propia deben ser suficientes para excitar el temor de una persona razonable"*. *Pueblo v. González Román*, 129 D.P.R. ___ (1992), **92 J.T.S. 17,** a la pág. 9217. Lo importante no es si el que invoca la defensa estaba en verdadero peligro de perder su vida o de sufrir grave daño, y si las circunstancias que inducen a una persona prudente a creer que su persona estaba expuesta a tal peligro y racionalmente podía así creerlo y tenía suficiente causa para estimarlo. *Magriz Rodríguez v. Empresas Nativas, Inc.*, ___ D.P.R. ___ (1997); **97 J.T.S. 55,** a la página 960, citando a D. Nevárez Muñiz, *Derecho Penal Puertorriqueño*, Parte General, 226 (1995). Al evaluar la necesidad racional del medio utilizado para impedir o repeler el daño, deben tomarse en consideración *"la gravedad del ataque, la naturaleza o importancia del bien que se tutela y las condiciones personales de las partes"* *Magriz Rodríguez v. Empresas Nativas, supra,* pág. 961; citando a D. Nevárez, pág. 231. Por otra parte, atiende a la proporcionalidad el que una persona no inflija más daños que el necesario para repeler o evitar el daño. *"La cuestión de la proporcionalidad a lo que está relacionada es a la gravedad del daño que se ocasiona por el que invoca la legítima defensa; daño en proporción a la inminencia del daño original que se intenta repeler"*. *Id.* En cuanto a la falta de provocación suficiente, las instrucciones al jurado, explican este requisito en términos de que la persona que invoca este eximente de responsabilidad penal *"no haya tenido culpa alguna en el origen de la lucha a la cual fue llevado y por el cual resultó herida otra persona, esto es, no haber tenido participación alguna en la iniciación o provocación de la contienda que originó la agresión."* D. Nevárez, *supra*, pág. 39 (1997). Lo anterior significa que quien originalmente provoca un ataque, no debe luego beneficiarse de la legítima defensa para repelerlo. Sin embargo, la situación se complica cuando se consideran los llamados casos de exceso. Son ellos, donde la persona que invoca la legítima defensa provoca originalmente en un grado menor y quien luego resulta en la víctima y éste respondiendo en exceso a la provocación original, comete una agresión ilegítima que requiere intervención del que invoca la defensa. *Id.*

## IV

Por no existir controversias ante nuestra consideración sobre la aplicación de la defensa propia al caso de

autos, procedemos a **REVOCAR** la sentencia apelada y por consiguiente se absuelve a la acusada.

Lo acordó el Tribunal y lo certifica la Secretaria General.

<div align="right">

Aida Ileana Oquendo Graulau
Secretaria General